# United States Court of Appeals
## For the First Circuit

No. 24-1853

ALFRED W. TRENKLER,

Petitioner, Appellant,

v.

FREDDIE BOWERS, Warden, FMC Devens,

Respondent, Appellee.

Before

Gelpí, Thompson, and Montecalvo, <u>Circuit Judges</u>.

**JUDGMENT**

Entered: March 27, 2026

Petitioner-Appellant Alfred W. Trenkler ("Trenkler") appeals the district court's judgment granting Respondent-Appellee Warden Freddie Bowers's ("the Warden") motion to dismiss Trenkler's writ of habeas corpus.[1] Trenkler filed the writ pursuant to 28 U.S.C. § 2241, requesting that the district court order his release to home confinement pursuant to the Elderly Offender Pilot Program ("EOPP").

**I.**

On November 29, 1993, Trenkler was convicted under 18 U.S.C. §§ 371 and 844(d), (i) of "conspiracy" and "illegal receipt and use of explosive materials and attempted malicious destruction of property by means of explosives." <u>United States</u> v. <u>Trenkler</u>, 537 F. Supp. 3d 91, 93 (D. Mass. 2021), <u>vacated and remanded</u>, 47 F.4th 42 (1st Cir. 2022). He was originally sentenced to life imprisonment, but his sentence was reduced to a prison term of forty-one years at the end of February 2023.[2] Shortly thereafter, in April 2023, Trenkler requested that the Bureau

---

[1] A different warden took part in the at-issue decision-making, but Warden Freddie Bowers was substituted as the Respondent when the parties agreed for this case to be transferred to the District of Massachusetts, following Trenkler's transfer from a prison in the Eastern District of North Carolina to a prison in the District of Massachusetts. This judgment will refer to both the decision-making warden and Warden Bowers as "the Warden."

[2] Trenkler is currently projected to be released from prison on May 7, 2028.

of Prisons ("BOP") transfer him to home confinement under the First Step Act's EOPP.[3]  As relevant here, individuals serving sentences of "life imprisonment" and those imprisoned for "crime[s] of violence (as defined in section 16 of Title 18)" were not eligible for EOPP relief.  34 U.S.C. § 60541(g)(5)(A)(ii).  Before Trenkler's sentence was reduced, he had been ineligible for the EOPP because of the program's exclusion of people serving life terms.

Once his sentence was reduced, Trenkler applied for release to home confinement, and the Warden denied his request two months later.  Despite Trenkler's sentence reduction, the Warden found him ineligible for EOPP relief. That was so, the Warden determined, because Trenkler's offense of conviction was a "crime of violence" under the BOP's internal Program Statement. Trenkler appealed the Warden's denial to the Regional Director.  The Regional Director, however, did not respond within the regulatorily allotted thirty-day period.  See 28 C.F.R. § 542.18.  After Trenkler wrote to the Regional Director about the delay, the BOP invoked a regulatory extension of thirty days to respond and ultimately issued a denial on the basis that Trenkler "ha[d] been convicted of a violent offense in the past."  Trenkler quickly appealed to the General Counsel.  In November 2023, his appeal was denied.[4]

In December 2023, Trenkler challenged the BOP's actions through a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed in the Eastern District of North Carolina.  In his petition, which was later transferred to the District of Massachusetts, Trenkler requested that the district court "order his release to home confinement under the [EOPP]."  However, the EOPP had lapsed by statute at the end of fiscal year 2023, shortly before Trenkler was first eligible to file his writ.[5]  See 34 U.S.C. § 60541(g)(3).

The Warden filed a motion to dismiss Trenkler's petition, arguing in part that the district court lacked authority to review the BOP's decision to not transfer Trenkler to home confinement under the EOPP and to order the requested relief.  In May 2024, Trenkler opposed the motion to dismiss.  He argued that (1) the district court had authority to review programs that have discretionary components, such as the EOPP, and set aside unlawful action; (2) he met the statutory eligibility criteria for placement in the program; (3) the BOP abused its discretion by applying its Program Statement standard for the "crime of violence" determination rather than the statutory definition; and (4) the expiration of the EOPP in 2023 did not preclude the district court from granting a remedy.

---

[3] The EOPP was first created in 2008 by the Second Chance Act.  This pilot program was "intended to assess the efficacy of earlier transition to community supervision by waiving the ordinary limitation on home confinement placements" found in 18 U.S.C. § 3624(c)(2), which limits the duration of home confinement to the shorter of ten percent of a person's existing prison sentence and six months.  Under the Second Chance Act, Congress directed the BOP to administer the program for two years.  The First Step Act subsequently expanded and reauthorized the EOPP for fiscal years 2019-2023.  34 U.S.C. § 60541(g)(3).  The EOPP ended on September 30, 2023.

[4] Trenkler's final denial letter stated that "Program Statement 5162.05 lists as precluding offenses convictions under 18 U.S.C. § 844."

[5] Trenkler only became eligible to file his habeas petition after he completed the internal BOP appeal process.  But, when the EOPP lapsed (before Trenkler filed his habeas petition), the limitations on the duration of home confinement in 18 U.S.C. § 3624(c)(2) resumed force.

The Warden filed a reply in June 2024 contending that even if the BOP improperly relied on its definition of "crime of violence" from its Program Statement, it had nonetheless properly denied Trenkler's petition because his conviction under 18 U.S.C. § 844(d) still met the statutory definition of "crime of violence" under 18 U.S.C. § 16(a). Trenkler opposed this argument in a surreply.

The district court granted the Warden's motion to dismiss in September 2024. Noting that the government no longer emphasized whether the district court had authority to review the BOP's decision, it held that Trenkler's conviction under § 844(d) was a "crime of violence" under § 16(a), making him ineligible for discretionary release under the EOPP. The district court did not decide whether the lapsing of the EOPP mooted Trenkler's petition.

Trenkler timely appealed to this court. On appeal, the parties dispute whether Trenkler's petition is moot, whether his conviction under § 844(d) amounted to a "crime of violence" within the meaning of § 16(a), and whether the district court has authority to order Trenkler's requested relief.

**II.**

This court reviews "the denial of a habeas petition de novo and can affirm for any reason apparent in the record." Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015) (citations omitted).

Whether this case is moot is a threshold issue we must answer. Article III of the United States Constitution restricts the jurisdiction of this court to only "Cases" and "Controversies." Harris v. Univ. of Mass. Lowell, 43 F.4th 187, 191 (1st Cir. 2022). There is no case or controversy, and this suit becomes moot, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" of a case. Chafin v. Chafin, 568 U.S. 165, 172 (2013) (citation modified). A party lacks a legally cognizable interest "if the court is not capable of providing any relief which will redress the alleged injury." Harris, 43 F.4th at 191 (citation modified). Moreover, we have an ongoing obligation to ensure that the case before us is not moot and was not moot when the district court decided it. See Bos. Bit Labs, Inc. v. Baker, 11 F.4th 3, 8 (1st Cir. 2021); In re Ruiz, 83 F.4th 68, 73 (1st Cir. 2023); Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 73 (1997); Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 72-73 (1983).

The Warden contends that Trenkler's habeas petition is moot because the EOPP lapsed by statute at the end of the 2023 fiscal year. Conversely, Trenkler maintains that this case is not moot because he "remains incarcerated and [this] court can provide meaningful relief."

Having considered the parties' arguments, we conclude that Trenkler's petition is moot. The expiration of the EOPP in 2023 made unavailable the only relief requested in Trenkler's habeas petition. See McCullough v. Graber, 726 F.3d 1057, 1058 (9th Cir. 2013); Porter v. Pelino, 985 F.2d 552 (1st Cir. 1992) (unpublished table decision); cf. Mayle v. Felix, 545 U.S. 644, 655-56 (2005); Rules Governing § 2255 Proceedings, Rule 2(b)(1)-(3). Trenkler filed one habeas petition, with no subsequent amendments and requesting only "his release to home confinement under the [EOPP]." As a result, the petition's requested relief does not "target conditions that will have a contemporaneous or prospective impact on [Trenkler's] sentence." See Francis, 798 F.3d at 37; see also Simon v. United States, 70 F.3d 1252 (1st Cir. 1995) (unpublished table decision).

The district court's judgment is **VACATED**, and this case is **REMANDED** to the district court with instructions to dismiss the action as moot.[6]

By the Court:

Anastasia Dubrovsky, Clerk

cc:  Hon. Richard G. Stearns, Robert Farrell, Clerk, United States District Court for the District of Massachusetts, Nancy Gertner, Amy Barsky, Donald Campbell Lockhart, Steven T. Sharobem, Julian N. Canzoneri, Alfred W. Trenkler

---

[6] We return this case to the district court with these instructions because the case became moot when the EOPP lapsed at the end of fiscal year 2023, which was before the district court issued its decision on the merits.